The demurrer to the original petition in this cause having been sustained, and leave having been given to file an amended petition, an answer was filed to the amended petition, and the cause further heard upon the amended petition, the answer, and the stipulation of facts. By the further pleadings in the cause, it appears that, after the board of elections had ruled the nominating petition of the relator to be insufficient, and within the time limited therefor by Section 5010, General Code, the relator filed another nominating petition, designed to correct the insufficiencies of the one first filed, and it is admitted that in form said petition met all the requirements of the statute, including a committee, *Page 404 
as required by Section 5000 of the General Code. There was nothing upon the petition itself to indicate that it was an amendment of the former petition, and the board of elections ruled that it was not a compliance with Section 5010, General Code, because it was not designated as an amended petition; that it should be treated as an original petition, and was therefore insufficient, because it was not filed within the time limited for the filing of original petitions. It appears, however, that the petition was signed by each and every one of the 62 persons who had signed the original petition, and that it was also signed by more than 62 additional electors. If the petition shall be held to be an amendment of the original petition, and properly to be considered as such, it is admitted that Section 5010 is authority for filing such amendment, and that it was filed in time. The objection that it was not tendered as an amended petition, and that there was nothing on the petition itself to indicate that it was an amendment rather than an original petition, seems to be purely technical. The fact that the original petition had been before the board of elections for its consideration, that the second petition was signed by all of the same persons who had signed the original petition, and that both petitions were all the time on file with the board of elections, must be held to be sufficient notice that the second petition was filed by way of correction of the first, and that it was submitted as an amendment thereto, even though nothing appears upon the second petition to indicate that fact, and even though nothing was said by the person who tendered *Page 405 
the second petition to the board of elections. We have therefore reached the conclusion that the petition was properly amended and within the time limited for a corrected certificate, and judgment must therefore be awarded in favor of the relator.
Writ allowed.
JONES, MATTHIAS, DAY, ALLEN and KINKADE, JJ., concur.